IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 8:06CR50 |
| v. | ) | |
| | ) | ORDER |
| RUDOLPH GEORGE STANKO, | ) | |
| Defendant. | ) | |

Before the court are a number of motions filed by the defendant in this case. The court has carefully reviewed the record and relevant law and determines as set forth herein. The indictment charges defendant with falsely representing his Social Security number in a checking account application in violation of 42 U.S.C. § 408(a)(7)(B).

**Motion to Dismiss, Filing No. 7**

Defendant moves this court to dismiss the case on the basis that it has been filed in the wrong venue, as the crime set forth in the indictment occurred in western Nebraska, not in Omaha. His argument is without merit , as Fed. R. Crim. P. 18 permits venue in the District of Nebraska. Consequently, this motion shall be denied.

**Motion to Inspect Grand Jury Makeup and to Dismiss, Filing Nos. 8 and 9**

Defendant moves this court to change venue from Omaha to western Nebraska. He argues that he is entitled to a jury of his peers pursuant to the United States Constitution. He argues that he lives in western Nebraska and the crime allegedly occurred in western Nebraska. He contends that he cannot be tried in the Omaha district. Defendant is incorrect in this regard. There exists only one district in federal court in Nebraska, and that district is the entire state of Nebraska. 28 U.S.C. § 107. "The Sixth

Amendment requires that a trial be held in the state and district where the crime was committed. A defendant does not, however, have a right to be tried in a particular division of the court." *United States v. Wattree*, 431 F.3d 618, 621 (8th Cir. 2005). There are several venues for trying the case, but there is only one district. Accordingly, the court denies defendant's motions to dismiss.

Defendant requests permission to inspect the grand jury makeup and further requests that this court dismiss the indictment for failure to select grand jurors from the North Platte Division. The grand jury proceedings are secret and confidential. *See Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 219 (1979); Fed. R. Crim. P. 6(e). Further, a defendant must show a particularized need before the court will disclose this information. *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994). Defendant has not made a showing of a particularized need to obtain these grand jury materials. Further, the court has already concluded that defendant is not entitled to a jury of his peers from the Western Division of Nebraska. Consequently, his request for the names of the jurors is moot in this regard, which is the basis for the grand jury request.

Accordingly, Filing Nos. 8 and 9 are denied.

**Motion to Dismiss for Vindictiveness, Filing No. 10**

Defendant contends that the government filed this indictment because he has refused to plead guilty in his other pending criminal cases and because he has filed civil complaints against his accusers. The court has carefully reviewed this motion, and denies it on the basis that the indictment fully apprises the defendant of the charges against him. A determination of guilt or innocence will be made at trial. Any motion based on vindictiveness is premature. Accordingly, Filing No. 10 is denied.

**Motion to Dismiss for Lack of Jurisdiction, Filing No. 11**

Defendant's motion to dismiss is based upon his belief that the government cannot punish a person for purchasing a firearm in another state. He cites no law for this assertion, as it is based on his personal belief. The government possesses this power pursuant to 18 U.S.C. § 922(g). Accordingly, defendant's motion to dismiss is denied.

**Motion to Dismiss Indictment, Filing No. 12**

Defendant moves to dismiss the indictment on the basis of an improper grand jury charge, as the court failed to inform the grand jury of its power to refuse the indictment. Defendant relies on the case of *United States v. Marcucci*, 299 F.3d 1156 (9th Cir. 2002). This case does not stand for the proposition expressed by the defendant. The *Marcucci* court determined that the model charge does not require that the grand jury indict, as the language says "should" indict, not "must" indict, if it finds probable cause. *Id.* at 1159. Defendant has not offered any evidence that the grand jury in this case received instructions that it "must" indict upon a finding of probable cause. Accordingly, the court finds this claim to be without merit and denies the motion to dismiss the indictment.

**Motion to Challenge Grand Jury Selection, Filing No. 13**

Defendant moves to challenge the grand jury selection procedure with regard to Count III. However, the case before the court is a one count indictment. The court assumes that defendant meant to file this pleading in his other criminal case, *United States v. Stanko*, 8:05CR93. However, the court held a hearing in that case on Friday, March 6, 2005. The court informed Mr. Stanko that he would not be permitted to represent himself on Count III of the superseding indictment in that case. Accordingly, this motion is denied

as it is filed in the wrong case, and for the reason that even if it had been filed in the correct case, this court has already ruled that Mr. Stanko cannot file pro se filings in *United States v. Stanko*, 8:05CR93.  Accordingly, this motion is denied.

**Motion to Change Place of Trial, Filing No. 14**

Defendant has moved this court to change the place of trial to Sheridan County where the crime is alleged to have occurred.  The court will assume that the defendant is again asking for a change of venue.  Pursuant to Fed. R. Crim. P. 18, "the court must set the place of trial within the district with due regard for the convenience of the defendant, and the witnesses, and the prompt administration of justice."  The defendant has not offered any reasons as to why this case should be tried in a location other than Omaha.  Accordingly, this motion is denied.

**Motion to Dismiss and for Declaratory Judgment, Filing Nos. 15 and 16**

The defendant moves this court to dismiss the indictment because the Act of 1955 eliminated the Chadron district/division in violation of the Fifth Amendment and the Nebraska Constitution.  Defendant again argues that he is entitled to be tried in the district and county where the crime allegedly occurred.  In Filing No. 16 defendant states that *Marbury v. Madison* is the law of the land.  Defendant again asks for a court with jurisdiction over this case.  As the court previously stated with reference to Filing Nos. 8 and 9: "The defendant is incorrect in this regard.  There exists only one district in federal court in Nebraska, and that district is the entire state of Nebraska.  28 U.S.C. § 107.  'The Sixth Amendment requires that a trial be held in the state and district where the crime was committed.  A defendant does not, however, have a right to be tried in a particular division of the court.'  *United States v. Wattree*, 431 F.3d 618, 621 (8th Cir. 2005). There are several

venues for trying the case, but there is only one district." For this reason, the court denies defendant's motions to dismiss or for declaratory judgment.

### Access to Law Library and Tools of the Legal Profession, Filing No. 17

Defendant contends that he has only been permitted one hour at the law library in five days. Defendant demands 20 hours per week in the law library, access to a word processor and Lexis, access to Pacer and electronic filing, and access to a copy machine. Defendant has made no allegation that a legal claim has been impeded. There is no freestanding right to a law library at any time a prisoner wants to use it. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996). Defendant clearly has access to the law library. He just does not have access as often as he would like. He is not entitled to a word processor, Lexis, or Pacer/electronic filing from the jail. Further, he has not offered a copy of the correctional policy on library access, nor has he alleged that the correctional policy on library access violates his constitutional rights. In addition, he has not alleged that the policy is being unfairly enforced against him when compared to other prisoners. If defendant wants to present evidence that he is not being permitted adequate access to the library and that he is not receiving paper and pen to draft his legal documents and stamps to mail them, or that the prison policy for access is being violated, he is free to do so. With that said, the court notes that defendant is representing himself in this criminal case and he must have adequate access to the law library to defend himself. However, based on what has been presented to the court with this motion, the court finds defendant's claims to be without merit and denies this motion.

During the hearing on March, 6, 2006, the court indicated to the parties that it would decide all pretrial motions and that such motions would not be assigned to the magistrate.

THEREFORE, IT IS ORDERED:

1. Defendant's motions, Filing No. 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17, are denied.

2. Defendant is ordered that he is not to file repetitive motions on issues that have already been ruled on by the court in this case.

3. The Clerk of Court is instructed that all pretrial motions will be assigned to the presiding judge and will not be assigned to the magistrate in this case.

DATED this 20th day of March, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge