IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CR50 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| RUDOLPH GEORGE STANKO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On the 6th day of September, 2006, this matter came on for hearing pursuant to the court's order, Filing No. 95. The defendant was present pro se and AUSA Fred Franklin appeared on behalf of the government. The defendant has requested the court to issue a number of subpoenas, Filings No. 93 and 117. He also filed a motion to enforce order, Filing No. 94.

The defendant further provided the court with an apparently unfiled motion concerning production of documents bate-stamped 55 through 177. The government asserts that no such bate-stamped documents exist. The defendant's request for such discovery is deemed moot.

The court used this opportunity to resolve any pending discovery issues and to resolve the defendant's complaints concerning law library access.

The court finds that the defendant's library access should be increased. The court further finds that there is no local facility that can adequately accommodate the defendant's request for law library access and his request for access to his legal papers. The court has made arrangements with the U.S. Marshal to transport the defendant to the detention facility of the Roman Hruska Courthouse at least three times per week. The defendant will

be given access to all of his legal papers in a holding cell dedicated to his legal papers. The cell will have a desk and writing materials. The defendant may request the U.S. Marshal to provide law books from the court's library. Defendant's requests for law books on hand in the court's library will be provided to the defendant upon the condition that he does not deface, destroy, or damage said books. In the event the defendant fails to properly care for any legal books or materials, the court will withhold further materials.

The court finds that beginning Monday, September 11, 2006, the U.S. Marshal should obtain the defendant's legal papers (approximately one box) from the defendant's current jailer along with other legal materials from his previous attorneys of record and to hold those materials along with appropriate writing materials in a designated detention cell in the Roman Hruska Courthouse. The defendant will be given access to such materials when he is transported to the Courthouse for purposes of legal research at least three days per week. The U.S. Marshal has agreed to provide the defendant photo copies of any filings he may have in discovery or pleadings limited to 200 pages.

The defendant also requested better phone access and release from incarceration in order to investigate the government's allegations. The defendant further requested the expert services of a handwriting expert and an expert concerning the Social Security Administration. The court finds that it will not change the phone policies of the local jails in which the defendant may be housed. It also finds that face-to-face access to potential witnesses by the defendant is problematic considering accusations by the government that the defendant intimidated witnesses in his previous case before this court. The court finds that it is not practicable for the defendant to hire experts while in confinement and with limited telephone access. The court finds that the defendant needs assistance by standby

counsel for administrative issues such as retaining an investigator, experts, and filing necessary pleadings. The court hereby appoints standby counsel Joseph Gross to perform such duties for the defendant. Standby counsel is not required to render legal advice to the defendant unless the defendant requests such services.

The defendant's request for release from custody is denied.

The defendant requested that the court locate the clothes he wore for his trial in the previous criminal prosecution. The court has learned that the clothes in question are no longer in the U.S. Marshal's possession. The court finds that any clothing the defendant wants to wear for trial must be provided to the U.S. Marshal or that defendant's standby counsel must make arrangements for such clothing. The defendant's boots can be worn during trial. The defendant must make arrangements with the U.S. Marshal for release of his boots to the U.S. Marshal in order to wear said boots at trial.

A separate order will be entered concerning the defendant's request to subpoena witnesses.

IT IS ORDERED that:

1. Beginning on or after Monday, September 11, 2006, the U.S. Marshal will transport the defendant to the detention facility located in the Roman Hruska Courthouse at least three times per week. The defendant will be given access to all of his legal papers in a holding cell dedicated to his legal papers. The cell will have a desk and writing materials. The defendant may request in writing the U.S. Marshal to provide law books from the court's library. Defendant's requests for law books on hand in the court's library will be provided to the defendant upon the condition that he does not deface, destroy, or damage said books.

2. Beginning on or after Monday, September 11, 2006, the U.S. Marshal shall obtain the defendant's legal papers (approximately one box) from the defendant's current jailer along with other legal materials provided by the defendant's previous attorneys **of record** and to hold those materials along with appropriate writing materials in a designated detention cell in the Roman Hruska Courthouse. The defendant will be given access to such materials when he is transported to the Courthouse for purposes of legal research at least three days per week as noted above.

3. The court hereby appoints standby counsel Joseph Gross to perform legal administrative duties for the defendant outlined in this order. Standby counsel is not required to render legal advice to the defendant unless the defendant requests such services.

4. Defendant's oral motion for release is denied.

5. Defendant's motions for retention of expert witness, Filing No.67, and an investigator, Filing No. 65, are denied without prejudice for reassertion after appropriate documentation is provided with the help of standby counsel.

6. A separate order will be issued for Filings No. 93, 94 and 117.

DATED this 7th day of September, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge